**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| JAMES LENAU, individually and on behalf of all others similarly situated | : | CIVIL ACTION FILE NO. |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | **COMPLAINT – CLASS ACTION** |
| v. | : | |
| | : | |
| RTS LISTINGS, LLC, | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendant. | : | |

1.      Plaintiff James Lenau ("Plaintiff"), by his undersigned counsel, for this class action complaint against RTS Listings, LLC ("Defendant") alleges as follows:

## I.      INTRODUCTION

2.      Nature of Action: "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers,' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms,' *id.* § 2(9)." Krakauer v. Dish Network, L.L.C., 925 F.3d 643, 649 (4th Cir. 2019).

3.      "[T]he law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry

stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.'). . . . [P]rivate suits can seek either monetary or injunctive relief. [47 U.S.C. § 227(c)(5)]. . . . This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Id*. at 649-50.

4.      Plaintiff, individually and as class representative for all others similarly situated, brings this action against Defendant for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") for making telemarketing calls, including text messages to numbers on the National Do Not Call Registry, including his own.

5.      Because telemarketing campaigns generally place calls to thousands or even millions of potential customers *en masse*, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

## II.      PARTIES

6.      Plaintiff is a natural person who at all relevant times resided in Massachusetts.

7.      Defendant is a limited liability company.

### III.      JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

9.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a substantial portion of the events giving rise to this action occurred in this district as Defendant delivered, or caused to be delivered, the subject text messages to Plaintiff's cellular telephone located within this District.

### IV.      FACTUAL ALLEGATIONS

10.      Plaintiff is, and has been for many years, the subscriber to and customary user of his cellular telephone number—(508) XXX-XXXX.

11.      Plaintiff uses his cellular telephone number for personal use only as one would use a landline telephone number in a home.

12.      Plaintiff uses his cellular telephone number to communicate with friends and family, and also to schedule personal appointments and for other household purposes.

13.      Plaintiff does not have a landline in his home.

14.      Plaintiff personally pays for his cellular telephone and is not reimbursed by a business.

15.      Plaintiff has never had his cellular telephone number associated with a business.

16.      Plaintiff has never used his cellular telephone number in any business or marketing materials.

17.      Plaintiff has never been a customer of Defendant, nor consented to receive calls from Defendant.

18.    Plaintiff's number has been registered with the National Do Not Call Registry since 2004.

19.    Despite this, in early 2026, Plaintiff received several unlawful unsolicited telemarketing calls from Defendant.

20.    The text messages came from (929) 202-8791 and (929) 202- 8726.

21.    Screenshots of the text messages are provided below.



4



22.    Each of the texts stated the same message.

23.    Plaintiff responded to one of text messages in order to obtain evidence of Defendant's identity.

24. After responding to the text, around March 12, 2026, Plaintiff was immediately inundated with calls coming from (508) 796-8121.

25. Plaintiff answered the phone after the fifth call and obtained an email address for the person he spoke with.

26. The individual stated that she worked for BostonPads and used AI powered marketing materials to generate leads.

27. The email came from cbrooks@jacobrealty.com on March 15, 2026.

28. In the email, Cari Brooks admitted to "hiring RTS Listings/Antone Kotorov" for lead generation.

29. Upon information and belief, Defendant RTS made the calls to Plaintiff.

30. A screenshot of the email is provided below.

Lets fast forward to how you made it to me, I hired a company by the name of RTS Listings/ Antone Kotorov their promise is to Pre Qualify- meaning finding potential residents looking to sell their homes close to where I live (Sandwich) I appreciate the feedback given today for many reasons, No one should feel uncomfortable when receiving the calls it should be pretty straight forward. Ultimately, It is in place to help me cut down on the amount of calls I make. I have worked with several different agencies over the past years.

I am happy to meet in person, or set up a call with a time that works for you. I am interested in speaking and potentially working together. I am able to do a free Market analysis and CMA on your property comparing the homes that have sold and are listed in your neighborhood, to come up with a list price that makes sense if you are to sell.

I look forward to speaking with you again,

Cari Brooks
Jacob Realty
Manager South Shore/Cape & Islands
Powe

279

31.    The purpose of the subject text messages was to advertise and market real estate brokerage and home-listing services and to solicit Plaintiff to sell or list his residential property.

32.    The messages identified Plaintiff by name, referenced his residential property address, and directly solicited Plaintiff regarding the potential sale of his home.

33.    The text messages constituted "telephone solicitations" and "telemarketing" because they were initiated for the purpose of encouraging Plaintiff to engage in a commercial transaction involving residential real estate services.

34.    Plaintiff did not give Defendant prior express consent to deliver, or cause to be delivered, advertisement or marketing text messages or calls to telephone number (508) XXX-XXXX.

35.    Plaintiff did not request information or promotional materials from Defendant.

36.    Plaintiff never provided his telephone number to Defendant.

37.    Plaintiff did not sign up for or request text messages from Defendant.

38.    Despite this Plaintiff received numerous telemarketing calls from Defendant.

39.    Plaintiff suffered actual harm as a result of the subject calls and text messages in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

40.    Upon information and good-faith belief, Defendant knew, or should have known, that telephone number (508) XXX-XXXX was registered with the National Do Not Call Registry on and after 2004.

## V.    CLASS ACTION ALLEGATIONS

41.    Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class:

**National Do Not Call Registry Class:** All persons throughout the United States (1) who did not provide their telephone number to Defendant (2) to whom Defendant delivered, or caused to be delivered, more than one voice message or text message within a 12-month period, promoting Defendant's goods or services, (3) where the person's residential or cellular telephone number had been registered with the National Do Not Call Registry for at least thirty days before Defendant delivered, or caused to be delivered, at least two of the voice messages or text messages within the 12-month period, (4) within four years preceding the date of this complaint and through the date of class certification.

42.     Excluded from the class are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

43.     Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable.

44.     The exact number of the members of the class is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

45.     The members of the class are ascertainable because they are defined by reference to objective criteria.

46.     In addition, the members of the class are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant and by third parties.

47.     Plaintiff's claims are typical of the claims of the members of the class.

48.     As it did for all members of the class, Defendant placed calls to Plaintiff's cellular telephone number which was listed on the National Do Not Call Registry.

49.     Plaintiff's claims, and the claims of the members of the class, originate from the same conduct, practice, and procedure on the part of Defendant.

50.     Plaintiff's claims are based on the same theories as the claims of the members of

the class.

51.    Plaintiff suffered the same injuries as the members of the class.

52.    Plaintiff will fairly and adequately protect the interests of the members of the class.

53.    Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class.

54.    Plaintiff will vigorously pursue the claims of the members of the class.

55.    Plaintiff has retained counsel experienced and competent in class action litigation.

56.    Plaintiff's counsel will vigorously pursue this matter.

57.    Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

58.    The questions of law and fact common to the members of the class predominate over questions that may affect individual members of the class.

59.    Issues of law and fact common to all members of the class include:

a.    Defendant's violations of the TCPA;

b.    Defendant's conduct, pattern, and practice as it pertains to delivering, or causing to be delivered, advertisement and telemarketing calls and text messages;

c.    Defendant's practice of delivering, or causing to be delivered, calls and text messages, for solicitation purposes, to telephone numbers already registered on the DNC Registry for more than thirty days;

d.    Defendant's violations of the TCPA; and

e.    The availability of statutory penalties.

60.    A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

61. If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

62. The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

63. The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

64. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

65. The damages suffered by individual members of the class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

66. The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

67. There will be little difficulty in the management of this action as a class action.

68. Defendant has acted or refused to act on grounds generally applicable to the members of the class, making final declaratory or injunctive relief appropriate.

**COUNT I**
**Telephone Consumer Protection Act**
**Violations of 47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

69. Plaintiff repeats and re-alleges each and every factual allegation contained herein.

11

70. In 2003, the Federal Communications Commission ("FCC") ruled that cellular telephone numbers that are placed on the DNC registry are presumed to be residential. *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14039 (2003).

71. A text message is a "call" as defined by the TCPA. *See Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 280 n.4 (2d Cir. 2020) ("It is undisputed that '[a] text message to a cellular telephone . . . qualifies as a 'call' within the compass of [the TCPA].'") (internal citation omitted); *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009) (explaining that a text message is a "call" as defined by the TCPA).

72. TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

73. Section 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

74. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of those regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

75. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to persons such as Plaintiff and the class members who registered their

respective cellular or residential telephone numbers with the DNC Registry, which is a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

76.    Defendant violated 47 U.S.C. § 227(c)(5) because it delivered, or caused to be delivered, to Plaintiff and members of the class, more than one solicitation text message in a 12-month period in violation of 47 C.F.R. § 64.1200.

77.    As a result of Defendant's violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200, Plaintiff, and the members of the class, are entitled to damages in an amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)    Determining that this action is a proper class action;

b)    Designating Plaintiff as a representative of the class under Federal Rule of Civil Procedure 23;

c)    Designating Plaintiff's counsel as counsel for the class under Federal Rule of Civil Procedure 23;

d)    Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

e)    Enjoining Defendant from continuing its violative behavior, including continuing to deliver, or causing to be delivered, solicitation text messages to telephone numbers registered with the DNC Registry for at least thirty days;

f)    Awarding Plaintiff and the members of the class damages under 47 U.S.C. § 227(c)(5)(B);

13

g)  Awarding Plaintiff and the members of the class treble damages under 47 U.S.C. § 227(c)(5)(C);

h)  Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i)  Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

j)  Awarding such other and further relief as the Court may deem just and proper.

## VI.    DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

RESPECTFULLY SUBMITTED AND DATED this May 13, 2026.

PLAINTIFF, on behalf of himself
and others similarly situated

By: */s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com